IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
Civil Division

| | |
|---|---|
| **CAMERYN STANDIFER**<br>660 Sunbury Meadows Drive<br>Sunbury OH 43074 | **COMPLAINT** |
| Plaintiff, | Case No. _____ |
| v. | |
| **CITY OF COLUMBUS**<br>c/o Columbus City Attorney's Office<br>77 North Front Street<br>Columbus, Ohio 43215 | |
| and | |
| **BRANDON HARMON**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | **JURY DEMAND ENDORSED HEREON** |
| and | |
| **TRAVIS TURNER**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | |
| and | |
| **HOLLY KANODE**<br>c/o Division of Police<br>120 Marconi Boulevard<br>Columbus, Ohio 43215 | |
| and | |
| **JOHN DOE POLICE OFFICERS**<br>**NAMES UNKNOWN**<br>Addresses Unknown | |
| and | |
| **JOHN DOE POLICE SUPERVISORS**<br>**NAMES UNKNOWN**<br>Addresses Unknown | |

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 2 of 16 PAGEID #: 24
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q85

and

**FRANKLIN COUNTY**
c/o Franklin County Commissioners
373 S. High Street, 26th Floor
Columbus, Ohio 43215

and

**JANE DOE JAIL NURSE**
**NAME UNKNOWN**
Address Unknown

and

**JOHN DOE JAIL SUPERVISORS**
**NAMES UNKNOWN**
Address Unknown

and

**JOHN DOE JAIL OFFICERS**
**NAMES UNKNOWN**
Address Unknown

                Defendants.

***Factual Background – Parties and Events***

1.     Cameryn Standifer, age twenty-three, is unmarried and currently resides in the City of Sunbury, County of Delaware, and State of Ohio. At the time of the incident described hereinbelow Plaintiff was a resident of the City of Columbus, Franklin County, Ohio; Defendants Harmon, Travis and Kanode are Columbus City Police Officers; Defendants John Doe Police Supervisors, John Doe Officers, Jane Doe Jail Nurse, John Doe Jail Supervisors and John Doe Jail Officers, respectively, are employees of the City of Columbus and Franklin County whose names and addresses are unknown at the time of filing and whose names and addresses could not be discovered with reasonable efforts at the time of filing.

2. On May 17, 2018, Mr. Standifer was involved in a vehicle collision in which he suffered extensive and severe injuries, including but not limited to severe head trauma, traumatic brain injury, severed arteries at the base of his skull and significant injuries to his left lower leg; Mr. Standifer narrowly avoided the amputation of his lower left leg and continues to suffer tremendous discomfort, pain, disability, headaches, confusion, and brain trauma as a result of the injuries sustained in the May 2018 motor vehicle collision.

3. Doctors saved Mr. Standifer's lower left leg by taking the muscle and skin from his calf and wrapping it around his shin, causing him to have a painful and disfiguring wound on his left lower leg and causing the skin across his left knee and shin to be incredibly fragile.

4. Mr. Standifer [hereinafter referred to as "Plaintiff"] was hospitalized until early June 2018 after the motor vehicle collision and continued thereafter to have frequent follow-up appointments for medical care related to his injuries.

5. On the evening of August 1, 2018, Plaintiff was at his home on Stornoway Drive South, Columbus, Ohio, when Columbus police officers arrived at the door.

6. Plaintiff had just begun putting weight on his injured leg and was convalescing at home at the time.

7. Officers entered Plaintiff's residence on August 1, 2018, and collected the identifications of all persons at the home.

8. Officers became aware at that time that Plaintiff had an outstanding warrant for an unpaid traffic ticket; Plaintiff had been unable to pay the traffic ticket because of his lengthy hospitalization as a result of the May 2018 collision.

3

9. Defendant Brandon Harmon is one of the officers who entered the property; Defendant Harmon asked Plaintiff to stand up and put his hands behind his back so that he could arrest him on the warrant for the unpaid traffic ticket.

10. Plaintiff complied fully and cooperatively the first time he was asked to stand and put his arms behind his back; Plaintiff and other civilians present at the scene did tell Officer Harmon that Plaintiff was moving slowly because he was still recovering from a traumatic collision.

11. Plaintiff stood up and put his arms behind his back as Officer Harmon asked; Officer Harmon then inexplicably and forcibly wrenched Plaintiff's arms upward and threw Plaintiff to the ground causing him to fall violently to the floor; Plaintiff's head, arms and legs slammed into the floor as a result of Officer Harmon throwing him to the ground.

12. Plaintiff's arms hit the ground hard underneath him; the side of his head struck the ground and he struck his left knee; the skin on Plaintiff's left lower leg was so fragile and still in the process of healing that Defendant Harmon's body slam caused the wound on Plaintiff's leg to re-open.

13. Plaintiff also hit his right arm so hard when Defendant Harmon slammed him that he sustained an open wound in the elbow area of his right arm.

14. Plaintiff was transported by medic to Mt. Carmel East for an assessment; Plaintiff begged the staff at Mt. Carmel to cover the wound on his knee with an Ace bandage.

15. Plaintiff left Mt. Carmel with an Ace bandage covering his left knee.

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 5 of 16 PAGEID #: 27
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q88

16. Plaintiff then sat in the back of Defendant Harmon's police cruiser for approximately an hour, cuffed and cramped, with his leg bleeding; he was then transported to the Franklin County jail.

17. Upon arrival at the jail, Plaintiff could not put weight on his leg; he was booked and incarcerated on charges related to the unpaid traffic ticket and alleged resisting arrest.

18. A nurse at the jail [hereinafter Defendant Nurse – name and address unknown at the time of filing] assessed Plaintiff's condition and removed the Ace bandage from his leg despite Plaintiff's pleas with her that the wound be covered; Plaintiff advised Jane Doe nurse that he was in a weakened condition because of a car accident and that he was gravely concerned about his wounds.

19. Plaintiff then asked Defendant Nurse at least six to seven times if he could please have bandages to cover his leg and elbow so that the filth and urine in the jail cell did not cause an infection; Defendant Nurse refused each time.

20. Plaintiff asked all of the passing officers [hereinafter Defendant Jail Officers] at the jail if someone could please look at his leg and elbow again and cover them with a bandage; given his fragile medical condition and the fact that Plaintiff observed the jail cell to be filthy, he was extremely concerned that his open wounds would become infected.

21. Plaintiff never received a bandage, a wound covering, or any follow-up care of any kind during his incarceration; Defendant Jail Officers and Jane Doe Nurse refused to attend to his wound.

22. Plaintiff was released in the early morning hours of August 2, 2019.

23. During his incarceration, Plaintiff's mother contacted both the jail and the court to explain that her son had an extremely fragile medical condition and alert them that he needed prompt and aggressive wound care to avoid infection; Plaintiff's mother was unable to secure medical care for her son during his incarceration.

24. Plaintiff returned to Mt. Carmel East on August 5, 2018, complaining of left knee pain, right arm pain and headaches.

25. On August 6, 2018, Plaintiff went to the Emergency Room at Grant Medial Center complaining of swelling and right arm pain after being thrown to the ground on or around the evening of August 1, 2018, or morning of August 2, 2018, by Officer Harmon.

26. Doctors at Grant diagnosed Plaintiff with thrombophlebitis.

27. Plaintiff returned to Grant Medical Center on August 8, 2018, with worsening right arm pain and swelling.

28. Doctors admitted Plaintiff for evaluation relative to his right arm concerning compartment syndrome, severe vascular congestion associated with venous thrombosis in the right upper extremity.

29. Doctors at Grant then diagnosed Plaintiff with septic right olecranon bursitis; blood cultures performed that day showed that Plaintiff was suffering from a MRSA infection.

30. Plaintiff then was hospitalized at Grant for almost a month, undergoing multiple procedures to drain the swelling from his elbow, multiple procedures to irrigate, excise and debride the infected hematoma, and additional procedures, including skin grafts, to reconstruct the wounds; Plaintiff now has disfiguring scars on both of his arms as a result of these procedures.

31. Healthcare providers discharged Plaintiff from Grant on September 5, 2018; he continued to receive home health care.

32. Defendant City of Columbus charged Plaintiff with resisting arrest as a result of his interactions with Defendant Harmon.

33. Defendant City of Columbus dismissed the charges of resisting arrest against Plaintiff on December 23, 2018.

### *First Cause of Action –Assault and Battery – as to Defendant Harmon*

34. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 33 above.

35. Defendant Harmon intended to cause harmful and offensive contact to Plaintiff because he wrenched his arms up into an unnatural position and threw him to the ground with extreme force.

36. Defendant Harmon did, in fact, cause harmful and offensive touching to Plaintiff by wrenching his arms behind his back and slamming him to the ground.

37. Defendant Harmon acted with a malicious purpose, in bad faith, or in a wanton and reckless manner.

38. As a direct and proximate result of Defendant Harmon's harmful and offensive touching of Plaintiff, Plaintiff suffered physical injuries, including bruises and contusions, open wounds that caused him to contract a MRSA infection and undergo several painful medical procedures, severe trauma to his head and brain, permanent physical scarring, medical bills and expenses, lost income, and past, and future mental suffering, anxiety, emotional trauma, mental anguish, stress, loss of enjoyment and reduction in quality of life.

### *Second Cause of Action – State Law Malicious Prosecution – as to All City Defendants, including City of Columbus, Officers Harmon, Turner and Kanode, and unknown City of Columbus Police Officers and Supervisors*

7

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 8 of 16 PAGEID #: 30
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q91

39. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 38 above.

40. Defendants maliciously instituted proceedings against Plaintiff by filing false charges against him for resisting arrest, knowing they had no probable cause to believe Plaintiff had resisted arrest.

41. Defendants lacked probable cause for filing the aforementioned charges against Plaintiff because Plaintiff did not resist Defendant Harmon's attempt to arrest him on an outstanding warrant for a traffic ticket and no reasonable officer under the circumstances could have reasonably believed that Plaintiff was resisting arrest.

42. Defendants further perpetrated malicious prosecution by supporting these false charges against Plaintiff with knowingly false statements to prosecuting attorneys.

43. The proceedings against Plaintiff were terminated in Plaintiff's favor when the charges for resisting arrest were dismissed.

44. Plaintiff's person was the subject of seizure during the course of these proceedings because Plaintiff was incarcerated first in a police vehicle and then in a holding cell.

45. As a direct and proximate result of this malicious prosecution, plaintiff incurred the costs of hiring an attorney to defend himself against baseless charges and sustained the public embarrassment and humiliation of the criminal proceedings and process and having a criminal record applied to his good name and character.

***Third Cause of Action – State Law Wrongful Imprisonment Claim – as to Defendants City of Columbus, Defendant Harmon, Defendant Turner and unknown City Officers and Supervisors***

46. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 45 above

8

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 9 of 16 PAGEID #: 31
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q92

47. Defendants did not have probable cause to believe Plaintiff had resisted arrest; Defendants nonetheless took steps to imprison Plaintiff unlawfully, maliciously, and without probable cause when they handcuffed him, forced him into a police cruiser for several hours, and caused him to be confined in a cell for a period of approximately eight hours.

48. Defendants' actions constitute malicious prosecution and wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

## Fourth Cause of Action – 42 U.S.C. 1983 - Excessive Force – Violation of 4th Amendment as Against Officer Harmon

49. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 48 above.

50. Defendant Harmon, acting under color of state law, arrested Plaintiff with unnecessary, unlawful and malicious use of excessive force, thereby depriving him of his constitutional rights, when he wrenched his arms behind his back and slammed him to the ground causing him to suffer severe bodily injury.

51. Defendant Harmon's actions constitute wrongful arrest and were the direct and proximate cause of physical and psychological injuries and economic damages to Plaintiff.

## Fifth Cause of Action – 42 U.S.C. 1983 – Fourth Amendment - Malicious Prosecution as to Defendants Harmon, Turner and Kanode and Unknown City Officers and Supervisors

52. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 51 above.

9

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 10 of 16 PAGEID #: 32
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q93

53. Defendants, acting under color of state law, maliciously instituted proceedings against Plaintiff by filing false charges against him for resisting arrest, knowing they had no probable cause to believe Plaintiff had resisted arrest.

54. Defendants lacked probable cause for filing the aforementioned charges against Plaintiff because Plaintiff did not resist Defendant Harmon's attempt to arrest him on an outstanding warrant for a traffic ticket.

55. Defendants further perpetrated malicious prosecution by supporting these false charges against Plaintiff with knowingly false statements to the prosecuting attorneys.

56. The proceedings against Plaintiff were terminated in Plaintiff's favor when the charges resisting arrest were dismissed.

57. Defendants Police Officers' actions constitute malicious prosecution and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

**Sixth Cause of Action – 42 U.S.C 1983 – Fourth Amendment -False Imprisonment as to Defendant Harmon, Defendant Turner and Unknown City Police Officers and Supervisors**

58. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 57 above.

59. Defendants did not have probable cause to believe Plaintiff has resisted arrest.

60. Defendants, acting under color of state law, nonetheless imprisoned Plaintiff unlawfully, maliciously, and without probable cause when they handcuffed him, forced him into a police cruiser, and caused him to be confined in a cell for a period of approximately eight hours.

61. Defendants' actions constitute malicious prosecution and wrongful imprisonment and were the direct and proximate cause of physical and psychological injuries and economic damages to the Plaintiff.

***Seventh Cause of Action –42 U.S.C 1983 – Fourth and Fourteenth Amendment - Failure to Train and Supervise – as to City of Columbus and John Doe Police Supervisors***

62. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 61 above.

63. Defendants City of Columbus and John Doe Police Supervisors, whose names are unknown and whose names could not be discovered with reasonable efforts at the time of filing, were responsible for training the Defendant Police Officers in proper police procedures, arrest methods, appropriate levels of force, concepts of probable cause and proper procedures for communicating and interacting with the public.

64. Defendants negligently, wantonly, and with reckless disregard for the safety of others, failed to properly train and supervise officers, including Defendants Harmon, Turner and Kanode and unknown police officers involved in the arrest and prosecution of Plaintiff.

65. Defendants' negligent, wanton and reckless failure to properly train caused serious harm to Plaintiff when their subordinates, namely Defendant Police Officers, including Harmon, Turner and Kanode, used excessive force and caused Plaintiff to be prosecuted without probable case.

66. Further, Defendants' training program in arrest techniques and probable cause is so inadequate that its implementation amounts to deliberate indifference.

67. Defendants, acting under color of state law, exhibited deliberate indifference to the Plaintiff's right to be free of unreasonable and unlawful arrest,

11

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 12 of 16 PAGEID #: 34
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q95

incarceration and prosecution pursuant to the Fourth Amendment and his substantive due process rights under the Fourteenth Amendment, because their failure to train and properly supervise their subordinates proximately caused an arrest conducted with excessive force, causing Plaintiff significant and severe physical and emotional pain and injury.

68. This lack of policy and procedure amounts to deliberate indifference as Defendants knew or should have known that their failure to train and supervise would result in constitutional violations and/or were on notice of prior constitutional violations caused by the lack of training in arrest techniques and understanding probable cause.

69. The lack of policy and procedure regarding proper arrest technique and understanding probable cause and/or the failure to properly train officers in such concepts is the direct and proximate cause of Plaintiffs' claimed injuries and damages.

70. Additionally, Defendant supervisors were aware of Defendant Harmon's and the other officers' propensity to act outside the bounds of their constitutional authority as noted above and did nothing and are therefore liable in their individual capacities for violating Plaintiff's clearly-established constitutional rights.

71. Defendants at the very least implicitly authorized, approved of or knowingly acquiesced in their subordinates' violations of Plaintiff's constitutional rights and are therefore liable in their individual capacities.

*Eighth Cause of Action - Intentional Infliction of Emotional Distress – as to All Defendants*

72. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 71 above.

12

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 13 of 16 PAGEID #: 35
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q96

73. Defendants engaged in an intentional and malicious course of conduct, including the use of excessive force, false imprisonment, assault, battery, malicious prosecution and denial of medical care against Plaintiff.

74. In engaging in this conduct, Defendants either intended to cause emotional distress to Plaintiff or knew or should have known that their actions would result in serious emotional distress to the Plaintiff.

75. Defendants' conduct was so extreme and outrageous as to exceed all possible bounds of decency.

76. Defendants' conduct proximately caused Plaintiff to sustain severe emotional distress and psychological injuries.

77. Plaintiff's injuries are such that no reasonable person could be expected to endure them.

### Ninth Cause of Action – Denial of Medical Care – 42 U.S. C 1923 – 8th Amendment – Jane Doe Jail Nurse and Defendants Unknown Jail Officers

78. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 77 above.

79. Defendants Jane Doe Nurse and Unknown Jail officers, acting under color of state law, knowingly refused reasonable medical care to Plaintiff during his incarceration.

80. Defendants' active refusal of medical care resulted in Plaintiff sitting in a filthy jail cell with no way to cover and protect his fragile wounds.

81. Plaintiff contracted MRSA as a result and underwent painful surgical procedures and skin grafts and was hospitalized for weeks, as described hereinabove, while he fought the infection.

13

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 14 of 16 PAGEID #: 36
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q97

82. Defendants' conduct demonstrated deliberate indifference to Plaintiff's serious medical needs; Defendants are therefore liable to Plaintiff for damages.

### Tenth Cause of Action – Denial of Medical Care – 42 U.S. C 1983 – 8th Amendment – as to Defendant Franklin County and John Doe Jail Supervisors

83. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 82 above.

84. Defendants Franklin County and unknown county supervisors whose names are unknown and whose names could not be discovered [hereinafter collectively referred to as "Defendants John Doe Supervisors"] were responsible for training employee Defendant Nurse and Jail Officers in proper procedures for the care of treatment of wounded individuals incarcerated in the county jail.

85. Defendants negligently, wantonly, and with reckless disregard for the safety of others, failed to properly train and supervise these employees.

86. Defendants' negligent, wanton or reckless failure to properly train caused serious harm to Plaintiff when their subordinates/employees denied Plaintiff reasonable medical care for his wounds.

87. Defendants, acting under color of state law, exhibited deliberate indifference to the Plaintiff's right to be free of cruel and unusual punishment pursuant to the Eighth Amendment and his substantive due process rights under the Fourteenth Amendment, because their failure to train and properly supervise their subordinates proximately caused Plaintiff to be deprived of medical care that would have prevented the subsequent MRSA infection.

88. Defendants' actions are a result of county policies and procedures that failed to implement instruction for employees on proper wound care and the prevention

14

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 15 of 16 PAGEID #: 37
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q98

of infection; in the alternative, Defendants have no policy at all for proper wound care and infection prevention.

89. The lack of policy and procedure, or the lack of adequate policy and procedure, regarding proper wound care and infection prevention is the direct and proximate cause of Plaintiffs' claimed injuries and damages.

90. Plaintiff contracted MRSA as a result and underwent painful surgical procedures and skin grafts and was hospitalized for weeks, as described hereinabove, while he fought the infection.

91. Defendants' conduct in failing to adequately train and monitor their employees and failing to implement adequate policies and procedures demonstrated deliberate indifference to Plaintiff's serious medical needs; Defendants are therefore liable to Plaintiff for damages.

***Eleventh Cause of Action – State Law Claims for the Denial of Medical Care as to Defendants Franklin County, Unknown Jail Nurse and Unknown Jail Officers and Supervisors***

92. Plaintiff incorporates, as if fully rewritten herein, each of the allegations contained in paragraphs 1 through 91 above.

93. Plaintiff contracted MRSA as a result of Defendants' knowing failure to provide him with reasonable medical care and underwent painful surgical procedures and skin grafts and was hospitalized for weeks, as described hereinabove, while he fought the infection.

94. Defendants acted with malicious purpose, in bad faith or in a wanton or reckless manner, with respect to Plaintiff's safety and need for medical care; Defendants are therefore liable to Plaintiff for damages.

15

Case: 2:19-cv-03803-EAS-CMV Doc #: 2 Filed: 09/03/19 Page: 16 of 16 PAGEID #: 38
Franklin County Ohio Clerk of Courts of the Common Pleas- 2019 Jul 31 1:10 PM-19CV006178
0E780 - Q99

**WHEREFORE,** Plaintiff demands judgment against each of the respective Defendants, jointly and severally, including Defendant City of Columbus, Defendant Harmon, Defendant Turner, Defendant Kanode, John Doe Supervisors, John Doe Police Officers, Defendant Franklin County, Unknown Jail Officers and Defendant Jane Doe Nurse for compensatory damages in a sum in excess of Twenty Five Thousand Dollars ($25,000.00) in order to be fully, fairly and completely compensated for the damages and injuries caused by Defendants' tortious conduct, for the cost of this action, attorneys' fees, for prejudgment and post-judgment interest according to law, punitive damages and for such further relief as this court deems appropriate and proper under the circumstances.

Dated: July 31, 2019

/s/ Jessica L. Olsheski
Jessica L. Olsheski, Esq. (0078063)
Email: jessica.olsheski@justice-law.net
Olsheski Law Co., LPA
600 East Broad Street
Columbus, Ohio 43215
Tele: (614) 252-5500
Fax: (614) 252-5058
Attorney for Plaintiff

/s/ Matthew Doyaga
Matthew Doyaga, Esq. (0093966)
The Law Office of Matthew Doyaga
600 East Rich Street
Columbus, Ohio 43215
Tele: (614) 266-9190
Email: matthewdoyagaesq@gmail.com