IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CAMRYN STANDIFER,**

    **Plaintiff,**

v.

**CITY OF COLUMBUS, et al.,**

    **Defendants.**

Case No. 2:19–cv–3803
Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## MOTION *IN LIMINE* ORDER

This matter is before the Court on Plaintiff's Motion *in Limine*, (ECF No. 85, hereinafter "Pl.'s Mot."), Defendant's Response in Opposition (ECF No. 89, hereinafter "Def.'s Resp."), Defendant's Motion *in Limine* (ECF No. 88, hereinafter "Def.'s Mot."), and Plaintiff's Response in Opposition (ECF No. 90, hereinafter "Pl.'s Resp.). The Court discussed the motions at the Final Pretrial Conference on February 4, 2022. For the reasons stated in this Order and in the Final Pretrial Conference, the Court **GRANTS in part, DENIES in part, AND HOLDS IN ABEYANCE in part** Plaintiff and Defendant's motions.

### I.     BACKGROUND

This matter arises out of Columbus Police Officer Brandon Harmon's arrest of Camryn Standifer on August 1, 2018. (Third Am. Compl. ¶¶ 7, 9, ECF No. 47.) Officer Harmon and several other officers responded to multiple calls of suspected narcotic activity at a Columbus residence. Inside the residence, Officer Harmon arrested Mr. Standifer based on an outstanding warrant for an unpaid traffic ticket for failure to stay in marked lanes. (*Id.* ¶¶ 8, 9.) During the arrest, Officer Harmon performed a "takedown" by lifting Mr. Standifer by his arms and tipping him forward face first onto the ground. (*Id.* ¶ 11.) Officer Harmon alleges that the takedown was necessary

because Mr. Standifer was resisting arrest by tensing his arms; Mr. Standifer contends that he was not resisting. The takedown allegedly injured Mr. Standifer's head, arms, and legs, and aggravated pre-existing injuries from a car accident in May 2018. A week after the arrest, Mr. Standifer was allegedly diagnosed with thrombophlebitis, septic right olecranon bursitis, and a MRSA infection. (*Id.* ¶¶ 26, 29.) He was hospitalized for three weeks. (*Id.* ¶ 30.)

Plaintiff commenced this lawsuit on July 31, 2019 against Officer Harmon and others. (*See* Compl., ECF No. 2.) Pursuant to this Court's summary judgment order, the following claims remain against Officer Harmon: a 28 U.S.C. §1983 claim for excessive force, and Ohio law claims for assault, battery, wrongful imprisonment, malicious prosecution, and intentional infliction of emotional distress. (Op. & Order, ECF No. 95.)

## II. STANDARD

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir.1997)).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.,* 326 F.Supp.2d at 846; *Koch,* 2 F.Supp.2d at 1388; *cf. Luce,* 469 U.S. at 41. "Unless

evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.,* 326 F. Supp.2d at 846.

### III.     ANALYSIS

A.  **Plaintiff's Motion *in Limine***

Plaintiff moves *in limine* to exclude evidence related to: (1) his alleged intravenous drug use from medical records; (2) his criminal history and alleged "violent tendencies"; and (3) his alleged illegal drug use. (Pl.'s Mot. at 5.)

**1. Plaintiff's Intravenous Drug Use**

Plaintiff contends that any references in his medical records to intravenous ("IV") drug use should be redacted because the physicians did not know he received IV drugs because of his May 2018 car crash. Instead, the doctors assumed he used illegal IV drugs when they documented their observations in medical records. (Pl.'s Mot. at 3.)

Defendant responds that the doctors' questioning about IV drug use is probative to the question of damages and causation because the jury must have a full account of the doctors' assessment to determine whether and to what extent Officer Harmon's arrest caused Plaintiff's injuries. (Def.'s Resp. at 6.)

Because the Court does not have access to the medical records, it cannot determine the probative value or prejudicial effect of the references to IV drugs. This part of Plaintiff's motion is **HELD IN ABEYANCE.** As discussed during the final pretrial conference, any party who wishes to introduce Mr. Standifer's medical records referencing his IV drug use at trial must first request a sidebar with the Court.

### 2. Plaintiff's Criminal History and Alleged "Violent Tendencies"

Plaintiff argues that Defendant should be precluded from introducing evidence of his criminal history or that he has "violent tendencies" because Officer Harmon only knew about the outstanding warrant for the unpaid traffic ticket and there are no applicable exceptions under Federal Rule of Evidence 609. (Pl.'s Mot. at 3.)

Defendant responds that Plaintiff's outstanding warrant for failure to pay a traffic ticket and its notation that Plaintiff has "violent tendencies" is admissible to show what Officer Harmon knew about Plaintiff during the arrest under Fed. R. Evid. 404(b)(2). (Def.'s Resp. at 1.) Defendant also argues that Plaintiff's three recent felony convictions are admissible to impeach Plaintiff's credibility. (*Id.* at 4.)

### a. *Plaintiff's Outstanding Warrants Are Admissible to Show What Officer Harmon Knew About Plaintiff During the Arrest*

A material issue in this case is whether Officer Harmon's actions were objectively reasonable in light of what he knew during the arrest. *Graham v. Connor*, 490 U.S. 386, 396 (1989). The Supreme Court has stated that a factfinder in this situation should consider an officer's knowledge of "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight . . ." *Id.* Here, the dispatcher's report to Officer Harmon that Mr. Standifer had violent tendencies shows what Officer Harmon knew about Mr. Standifer's threat or lack thereof to the safety of the officers or other people present. Thus, the evidence is admissible.

### b. *Plaintiff's Felonies Are Admissible to Impeach His Credibility*

Defendant further contends that evidence of Plaintiff's prior felony convictions is admissible to impeach the Plaintiff's credibility under Rule 609. (Def.'s Resp. at 5.) Defendant wishes to admit evidence of the following convictions: a fifth-degree felony conviction in 2018

for possession of drugs (Franklin County Common Pleas, 18-CR-4839); a fifth-degree felony conviction in 2019 for possession of drugs (Delaware County Common Pleas, 18 CR-I-09-0503); a second-degree felony conviction in 2021 for robbery (Franklin County Court of Common Pleas, 18-CR-4997).

Fed. R. Evid. 609 provides that evidence of a felony conviction within the last 10 years "must be admitted, subject to Rule 403, in a civil case or criminal case in which the witness is not a defendant." This rule is premised on the idea that those who have been convicted before of a felony are more likely to commit perjury. *United States v. Noble*, 754 F.2d 1324, 1331 (7th Cir. 1985) *(citing* Conf. Rep. No. 1597, 93rd Cong., 2d Sess., *reprinted in* 1974 U.S.C.C.A.N. 7051, 7098, 7103). Rule 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." This evidence is not more highly prejudicial than probative of Plaintiff's credibility and therefore is admissible.

Plaintiff's three felony convictions, in 2018, 2019, and 2021 are admissible to impeach his credibility because the probative value for impeachment purposes is not "substantially outweighed" by the prejudicial effect. *See* Fed. R. Evid. 403; *Davis v. City of Columbus*, 2021 U.S. LEXIS 230554, No. 2:17-cv-0823, at *7 (S.D. Ohio Dec. 2, 2021) (finding prior aggravated robbery and kidnapping convictions admissible and not highly prejudicial in an excessive force case where the plaintiff resisted arrest because the past crimes did not involve fleeing or resisting arrest.)

In summary, Plaintiff's motion is **DENIED**. Defendants may introduce evidence of the warrants and the incidents underlying them that Officer Harmon knew when he effectuated the

5

arrest. Officer Harmon may not testify about Plaintiff's three prior felony convictions in 2018, 2019, and 2021 because he did not know about them at the time of arrest. The three convictions may be offered only to impeach Mr. Standifer's credibility. Limiting instructions may be necessary to ensure that the jury considers Plaintiff's convictions only for impeachment purposes, and Plaintiff's warrant and alleged "violent tendencies" only to show what Officer Harmon knew at the time of arrest. The evidence may not be used to show character or propensity.

### 3. Plaintiff's Alleged Illegal Drug Use

Plaintiff further argues that Defendant should be precluded from making any reference or insinuation of illegal drug use because although the officers were called to the scene based on suspected narcotic activity, there was no evidence of drugs found and no evidence that Mr. Standifer uses or has ever used drugs. Plaintiff contends suggestion of drug use would be highly prejudicial and confusing to the jury. (Pl.'s Mot. at 2.)

Defendant responds that he should not be precluded from stating why the officers were responding to the location—suspected drug activity—because it is probative and not outweighed by a danger of unfair prejudice or confusion. Defendant further argues that the officers' knowledge of suspected drug activity is relevant to what Officer Harmon knew when he used force against Plaintiff. (Def.'s Resp. at 5–6.)

The Court already ruled that Plaintiff's prior felony convictions for possession of drugs in 2018 and 2019 are admissible to impeach his credibility. *See supra* section III.B.2. As discussed during the final pretrial conference, the parties may explain that the officers were present at the residence because they were responding to complaints about people coming and going from the residence. The parties may not, however, state that the officers were present to investigate

6

suspected drug activity. This part of Plaintiff's motion is **GRANTED in part and DENIED in part.**

B. **Defendant's Motion *in Limine***

Defendant Officer Harmon moves to exclude evidence of: (1) Plaintiff's dismissed claims asserting denial of medical care; (2) evidence of Plaintiff's medical bills or costs; (3) claims or parties for which summary judgment is granted; (4) evidence of the officers' other lawsuits, complaints, investigations, discipline, or other incidents. (Def.'s Mot. at 8.)

First, the Court **GRANTS** Defendant's motion to exclude Plaintiff's dismissed claims asserting denial of medical care because this evidence is irrelevant. *See* Fed. R. Evid. 401, 402. Second, the Court **DENIES as moot** Defendant's motion to exclude evidence of Plaintiff's medical bills or costs because Defendant withdrew this motion in a Notice to the Court. (Notice, ECF No. 91.) Third, the Court **GRANTS** Defendant's motion to exclude evidence of Plaintiff's other claims for which summary judgment was granted because the evidence is irrelevant.

As for Defendant's motion to exclude evidence of the officers' other lawsuits, complaints, investigations, discipline, or other incidents, the Court **HOLDS the motion IN ABEYANCE**. As discussed during the final pretrial conference, Sergeant Holly Kanode's pending criminal matter may be admissible for impeachment purposes under Fed. R. Evid. 609. Officer Harmon's past actions and the complaints against him are likely only relevant to Plaintiff's *Monell* claims, which were dismissed on summary judgment. (Pl.'s Resp. at 7; Order & Op. 9–13, ECF No. 95.) His past actions and the complaints are not admissible to show propensity. *See* Fed. R. Evid. 404. Thus, any party wishing to introduce evidence of the officers' other lawsuits, complaints, investigations, discipline, or other incidents must first request to do so at sidebar during trial.

7

## IV. CONCLUSION

For the foregoing reasons, the Court, in accordance with this Opinion and Order, **GRANTS in part DENIES in part and HOLDS IN ABEYANCE in part** Plaintiff and Defendant's Motions *in Limine* (ECF No. 85; ECF No. 88). As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda.

**IT IS SO ORDERED.**

**2/15/2022**　　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**